# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| ADAM SHANE SWINDLE,  ) | |
| ) | |
| Petitioner,  ) | |
| ) | |
| v.  ) | 7:22-cv-08029-LSC |
| ) | (7:15-cr-00247-LSC-SGC-1) |
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Respondent.  ) | |

## MEMORANDUM OF OPINION

### I. Introduction

On July 30, 2022, Adam Shane Swindle ("Swindle" or "Petitioner") filed with the Clerk of this Court a motion to vacate, set aside, or otherwise correct his sentence of 168 months' imprisonment and a lifetime term of supervised release pursuant to 28 U.S.C. § 2255 ("§ 2255").[1] (Doc. 1.) This Court finds that Swindle's motion (doc. 1) is due to be denied and the present action dismissed.

### II. Background

On July 30, 2015, a federal grand jury indicted Swindle for distribution (Count 1), receipt (Count 2), and possession (Count 3) of child pornography in violation of

---

[1] Applying the "mailbox rule," the Eleventh Circuit deems a prisoner's § 2255 motion as filed upon the "date that he delivered it to prison authorities for mailing, presumptively, . . . the day that he signed it." *Jones v. United States*, 304 F.3d 1035, 1038 n.7 (11th Cir. 2002) (per curiam).

18 U.S.C. § 2252A(a)(2), (a)(5)(B), and (b)(2). (Cr. Doc. 1.)[2] Swindle entered into a plea agreement with the Government and pled guilty to Counts 2 and 3. (Cr. Doc. 16.) The Government, in turn, agreed to dismiss Count 1. (*Id.* at 1.) This Court accepted Swindle's plea of guilty on October 20, 2015. (Cr. Doc. 38 at 19.) On March 1, 2016, this Court entered judgment against Swindle, sentencing him to 168 months' imprisonment followed by a lifetime term of supervised release. (Cr. Doc. 29.) Swindle appealed the judgment but later moved to voluntarily dismiss the appeal. (*See* Cr. Docs. 31, 41.) Accordingly, the Eleventh Circuit dismissed Swindle's appeal on June 10, 2016. (Cr. Doc. 41.)

Swindle filed his first motion pursuant to § 2255 on April 25, 2017. (Cr. Doc. 43.)[3] This Court denied the motion on November 11, 2017. *Swindle 1* (doc. 4). Swindle subsequently filed a motion for a certificate of appealability[4] with the Eleventh Circuit and a Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(2)[5] with this Court. The Eleventh Circuit denied Swindle's motion for a certificate of appealability. *Swindle 1* (doc. 13). Construing Swindle's Motion for Relief from Judgment as substantively another § 2255 petition, this Court denied the

---

[2] "Cr. Doc." refers to an entry on the docket sheet in the underlying criminal case, *United States v. Swindle*, No. 7:15-cr-00247-LSC-SGC-1.
[3] *See also Swindle v. United States*, No. 7:17-cv-08017-LSC ("*Swindle 1*"), (doc. 1).
[4] *Id.* (doc. 6).
[5] *Id.* (doc. 12).

motion as second or successive. *Swindle 1* (doc. 14). Thereafter, Swindle filed two additional § 2255 petitions. This Court denied the former on May 30, 2023.[6] The latter petition ("*Swindle 3*") is currently before this Court, as well as two motions for summary judgment (docs. 8, 9) and one motion for expedited response (doc. 10) that Swindle has filed in the present action.

### III.   Discussion

This Court lacks jurisdiction to consider Swindle's present § 2255 petition. Before a prisoner may file a second or successive § 2255 motion, the prisoner must first obtain an order from the Eleventh Circuit authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Without the Eleventh Circuit's authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). Swindle has obtained no such authorization. Therefore, Swindle's present motion (doc. 1) is due to be dismissed for lack of jurisdiction.

### IV.   Conclusion

For the reasons stated above, Swindle's § 2255 motion (doc. 1) is due to be denied and this case dismissed with prejudice for lack of jurisdiction. Consequently, Swindle's motions for summary judgment (docs. 8, 9) and motion for expedited

---

[6] *See Swindle v. United States*, 7:21-cv-08023-LSC ("*Swindle 2*"), (doc. 7).

response (doc. 10) are due to be dismissed as moot.

Additionally, to the extent that this dismissal necessitates a ruling on the issue of a certificate of appealability, this Court declines to issue one. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). Swindle's claims do not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in Swindle's motion, it is due to be denied.

A separate order consistent with this Opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** on May 31, 2023.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
211913