FILED
2023 Jun-27  AM 10:22
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **ADAM SHANE SWINDLE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **7:22-cv-08029-LSC** |
| | ) | **(7:15-cr-00247-LSC-SGC-1)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OF OPINION AND ORDER

### I.    Introduction

On May 31, 2023, this Court denied a motion (doc. 1) by Adam Shane Swindle ("Swindle" or "Petitioner") to vacate, set aside, or otherwise correct his sentence of 168 months' imprisonment and a lifetime term of supervised release pursuant to 28 U.S.C. § 2255 ("§ 2255").[1] (Docs. 11, 12.) Presently before this Court is Swindle's Motion for Relief from Final Judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(2). (Doc. 13.) This Court finds that Swindle's motion (doc. 13) is due to be denied.

---

[1] This Court has previously denied two other § 2255 petitions by Swindle. *See Swindle v. United States* ("*Swindle 1*"), No. 7:17-cv-08017-LSC (N.D. Ala. Nov. 15, 2017); *Swindle v. United States* ("*Swindle 2*"), No. 7:21-cv-08023-LSC (N.D. Ala. May 30, 2023). To avoid confusion, this Court occasionally refers to the above-styled case as *Swindle 3*.

## II.     Discussion

Rule 60(b) of the Federal Rules of Civil Procedure provides in sum the following six bases for relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief. FED. R. CIV. P. 60(b). Rule 60(b) cannot provide relief in criminal proceedings. *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).

Because Petitioner has previously filed three § 2255 motions to vacate,[2] the Court must determine whether the Rule 60(b) motion is in actuality a successive petition subject to the requirements of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which requires that:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

A three-judge panel of the court of appeals may authorize a second or successive § 2255 application only if the petitioner presents a claim he did not previously raised that either: (a) relies on a new retroactive rule of constitutional law

---

[2] *See Swindle 3* (doc. 1). *See also Swindle 1* (doc. 1); *Swindle 2* (doc. 1).

that was previously unavailable; or (b) for which the factual predicate could not have been previously discovered through the use of due diligence, and the facts underlying the claim would establish by clear and convincing evidence that no reasonable fact finder would have found the petitioner guilty but for the constitutional error. 28 U.S.C. §§ 2244(b)(2), (b)(3). If a petitioner files a second or successive habeas petition without first seeking permission from the appellate court, however, the district court is "without jurisdiction to entertain it." *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

The Court must construe a Rule 60(b) motion as a second or successive § 2255 motion to vacate where it contains one or more "claims" — for example, that a claim of constitutional error was omitted through excusable neglect, that newly discovered evidence supports a previously-denied claim, or that a change of law justifies relief. *Gonzalez v. Crosby*, 545 U.S. 524, 530–31 (2005). Such pleadings, although labeled as Rule 60(b) motions, are in substance successive § 2255 motions and should be treated accordingly. *Id.*; *see Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (applying *Gonzalez* to § 2255 motions to vacate as well as 28 U.S.C. § 2254 habeas petitions filed by state prisoners). However, when a Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceeding," the Court should not treat the motion as a successive petition. *Gonzalez*, 545 U.S. at 532.

Here, Petitioner attacks an alleged defect in the integrity of the habeas proceeding. (*See* Doc. 13 at 2.) Accordingly, insofar as Petitioner brings the present motion under Rule 60(b), his motion is not a second or successive § 2255 petition.

In contrast, "[a] Rule 59(e) motion, unlike a Rule 60(b) motion, does not count as a second or successive habeas application." *Banister v. Davis*, 140 S. Ct. 1698, 1711 (2020). Courts may only grant a Rule 59(e) motion in the event of "'newly-discovered evidence or manifest errors of law or fact.'" *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). "'[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Arthur v. King*, 500 F.3d at 1343 (alterations in original) (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)); *EEOC v. St. Joseph's Hosp., Inc.*, 842 F.3d 1333, 1349–50 (11th Cir. 2016) ("[M]otions under Rule 59(e) may not be used to raise new legal theories or arguments.").

Petitioner asserts that this Court failed to consider his responsive pleadings (docs. 5, 6, 7), thus denying him an opportunity to be heard in violation of his constitutional due process rights.[3] Petitioner's claim warrants neither Rule 60(b) nor

---

[3] Petitioner states that this Court "abused its discretion by dismissing Swindle's § 2255 as 'second or successive' by failing to consider Swindle's timely filed reply brief[s] (Docs. 5, 6, and 7), thus violating his due process right to be heard." (Doc. 13 at 2.)

Rule 59(e) relief because it is not material and would not produce a different result in the outcome of his habeas proceeding.

As the basis for his claim, Petitioner points to the following language in this Court's Memorandum of Opinion (doc. 11) denying his § 2255 petition and his other motions then-pending in the above-styled case:

> The latter petition ("*Swindle 3*") is currently before this Court, as well as two motions for summary judgment (docs. 8, 9) and one motion for expedited response (doc. 10) that Swindle has filed in the present action.

(*See* Doc. 13 at 2; *see also* Doc. 11 at 3.) Petitioner argues that, because this Court explicitly mentioned only the motions then pending, this Court must have failed to consider Petitioner's reply briefs altogether in reaching a decision. (Doc. 13 at 2.) Petitioner further asserts that his reply briefs prove that his § 2255 petition in *Swindle 3* was not successive. (Doc. 13 at 3.)

Petitioner's argument fails on multiple fronts. As an initial matter, with respect to the language that Petitioner quoted, this Court was merely addressing the open matters in *Swindle 3* that the Opinion (doc. 11) resolved. The language was by no means an exhaustive list of the materials that this Court considered in reaching its ultimate decision on those matters. This Court properly considered Petitioner's § 2255 petition (doc. 1), the Government's response thereto (doc. 4), Petitioner's reply briefs (docs. 5, 6, 7), and Petitioner's other motions (docs. 8, 9, 10) before

coming to a conclusion.

Furthermore, Petitioner's reply briefs (docs. 5, 6, 7) offered no arguments or evidence to dissuade this Court from concluding that his *Swindle 3* § 2255 petition (doc. 1) was successive within the meaning of the AEDPA. Petitioner simply argued that his petition (doc. 1) was not second or successive because he set forth claims therein that he had not previously raised in his other § 2255 petitions. (*See* Doc. 6 at 4; Doc. 7 at 3–4.) Irrespective of the grounds on which a petitioner brings a second or successive § 2255 petition, however, he must first obtain an order from the Eleventh Circuit authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Without the Eleventh Circuit's authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). Petitioner obtained no such authorization before filing his *Swindle 3* § 2255 petition (doc. 1). Accordingly, this Court properly denied Petitioner's § 2255 motion and dismissed the action for lack of jurisdiction. (*See* Docs. 11, 12.)

Additionally, Petitioner's Motion for Relief from Final Judgment (doc. 13) is not sworn under penalty of perjury. Regardless of whether Petitioner's omission of the certification constitutes a fatal defect, however, his motion (doc. 13) is due to be denied on other grounds for the reasons stated above.

### III.    Conclusion

For all of the foregoing reasons, Petitioner cannot demonstrate any defect in the proceeding or any manifest errors of law or fact such that granting relief under Rule 60(b) or Rule 59(e) would be appropriate. Petitioner's Motion for Relief from Final Judgment (doc. 13) is therefore **DENIED**.

To the extent that this ruling necessitates a ruling on the issue of a certificate of appealability, this Court declines to issue one. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). Petitioner's claims do not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in Petitioner's motion, such application is denied.

**DONE** and **ORDERED** on June 27, 2023.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

211913